The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



**/S/ RUSS KENDIG**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| JERRY LEE BLAKE, | CASE NO. 05-60612 |
| Debtor. | ADV. NO. 11-6080 |
| CLAUDE VIRGIL MOUNTS, | HONORABLE RUSS KENDIG |
| Plaintiff, | |
| v. | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |
| JERRY BLAKE dba JB CONSTRUCTION, et al., | |
| Defendants. | |

Chapter 7 trustee Anne Piero Silagy ("Trustee") moves to dismiss this removed proceeding under Federal Rule of Civil Procedure 12(b)(6), adopted into bankruptcy practice by Federal Rule of Bankruptcy Procedure 7012. Pro se plaintiff Claude Virgil Mounts ("Plaintiff") opposes dismissal.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (H). The following constitutes the court's findings of fact and conclusions of law under Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## PROCEDURAL BACKGROUND AND FACTS

To develop the following facts, the court takes judicial notice of the pleadings in the main bankruptcy case; the adversary proceeding filed in the main case in 2005, titled Silagy v. Blake, Adv. No. 05-6139; and this proceeding, which includes the documents from the state court case pending in the Court of Common Pleas, Tuscarawas County, Ohio, titled Mounts v. Blake, 2011 CV 08-0891.

In 2003, prior to his bankruptcy filing, Jerry L. Blake and Kim Blake, his wife,[1] transferred real property to David Blake. The warranty deed was recorded by the Tuscarawas County Recorder in April 2003. The deed states that the transfer was made for "ONE DOLLAR AND OTHER GOOD AND VALUABLE CONSIDERATION ($1.00)." A life estate for the benefit of Junior L. Blake. In 2004, Plaintiff sued Jerry Blake, Kimberly Sue Blake, David Blake, Junior L. Blake, and American General Finance, Inc. in the Court of Common Pleas for Tuscarawas County, Ohio[2] to recover an alleged fraudulent conveyance arising from the transaction. (Case No. 05-60612, M. Relief from Stay, doc. 7, Exh. A.)

On February 11, 2005, while the state court case was pending, Jerry L. Blake filed a chapter 7 bankruptcy petition. Plaintiff moved for relief to proceed with the state court fraudulent transfer case. (Case No. 05-60612, M. Relief from Stay, doc. 7.) Trustee objected and the motion was denied. (Case No. 05-60612, Obj. To M. Relief from Stay, doc. 13 and Order Denying, Doc. 31.)

Trustee also identified the transfer as a potentially fraudulent transfer.[3] On October 10, 2005, she filed an adversary proceeding against David Blake to recover the fraudulent transfer under 11 U.S.C. §§ 544(b), 550(b) and applicable provisions of the Ohio Revised Code, raising claims based on the same transaction as those pursued by Plaintiff in the 2004 common pleas action. (Adv. No. 05-6139, doc. 1.)

In July 2006, Trustee moved to compromise the adversary proceeding with David Blake for $6,000.00. Paragraph seven of the motion states, in its entirety:

> The Trustee asserts that the settlement and compromise set forth herein is fair and equitable and is in the best interest of the estate. The estimated market value of the Real Property at the time of the alleged fraudulent transfer was $78,500.00, which amount was determined by averaging the Debtor's and the Trustee's respective appraisals. The

---

[1] Jerry Blake's Amended Statement Pursuant to F.R.B.P. 9027(e)(3) indicates the parties are no longer married.

[2] Case No. 2004 CV 03 0161, filed March 17, 2004.

[3] The transfer was not listed in Debtor petition, but the court finds disclosure was not required. Question ten of the Statement of Financial Affairs only requires disclosure of "property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding commencement of this case." (Case No. 05-60612, doc. 1.) The transfer occurred outside the time frame for disclosure in Debtor's petition.

2

value of the Debtor's remainder interest in the Real Property
was calculated by multiplying the estimated market value
with the relevant remainder percentage as provide by
generally acceptable life expectancy statistics, less
$22,000.00, which amount the Defendant paid to the Debtor
as consideration for the alleged fraudulent transfer on or about
April 7, 2003, as follows:

$78,5000.00 (market value) x .40848 (remainder %) - $22,000.00
(paid) = $10,600.00.

(Adv. No. 05-6139, doc. 12, ¶ 7.) The $6,000.00 figure was proposed as fair in light of these figures based on "avoiding the costs of sale and any further expense and uncertainty of litigation." (Adv. No. 05-6139, doc. 12, ¶ 8.) The certificate of service indicates that Plaintiff was served with a copy of the motion via Kenneth R. Welch. No objections were filed and the motion was approved on August 4, 2006. (Adv. No. 05-6139, doc. 14.)

Plaintiff was listed as an unsecured creditor in the Debtor's petition. He filed an unsecured claim for approximately $76,000.00. He received a distribution of $1,888.47. (Case No. 05-60612, doc. 54.) His recovery resulted from monies paid to the estate by David Blake in settlement of the fraudulent transfer claim. Both the main bankruptcy case and the adversary proceeding were closed in 2007.

On or about August 22, 2011, Plaintiff filed a lawsuit in the Tuscarawas County common pleas court. Jerry Blake, Kim Blake and David Blake are listed as defendants, while Trustee and her counsel, Bruce R. Schrader II ("Counsel"), are listed as "interested parties." Plaintiff requests payment of his judgment. In the event payment is not made, he wants the fraudulent conveyance "reversed" and demands a sheriff's sale. Additionally, Plaintiff wants affidavits from Trustee and Counsel "of their reasoning to let these fraudulent transactions occur." (Adv. No. 11-6080, doc. 2.) Following the filing of the state court complaint, Trustee reopened the bankruptcy case and removed the case to the bankruptcy court. She now seeks to dismiss the action for failure to state a claim. Debtor filed an answer to Plaintiff's complaint while it was before the state court. Neither David Blake nor Kimberly Blake have responded.

## LAW AND ANALYSIS

### I. Motion to Dismiss Trustee and Counsel

Trustee argues that Plaintiff failed to state a claim against either her or Counsel. To determine if a claim has been stated, the court must determine the nature of the claim asserted by Plaintiff. The complaint references the alleged fraudulent transfer and cites various Ohio Revised Code provisions related to fraudulent transfers, including §§ 1336.04(A)(1)(B), 1336.04(A)(2) and 1336.05(A), the exact provisions cited by Trustee in her 2005 adversary complaint. Plaintiff does not allege that Trustee was a party to the fraudulent conveyance. Instead, it appears Plaintiff is on a fishing expedition for evidence to support a malpractice claim or disciplinary action against Trustee and Counsel. The court finds nothing in the record to support either.

Rule 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). To survive dismissal, the alleged claim must be

3

plausible. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009); In re Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Allegations that simply recite the elements of a cause of action in a conclusory manner are insufficient. Plausibility requires that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly at 545. When reviewing a motion to dismiss, a court is to view the factual allegations as true. Iqbal at 1949. The decision whether to grant or deny a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (citing Iqbal v. Hasty, 490 F.3d 143, 157-58 (2nd Cir. 2007) (reversed and remanded)).

Plaintiff simply did not plead a claim against Trustee and Counsel. Neither Trustee or Counsel were involved in the alleged fraudulent transfer, nor does Plaintiff claim otherwise. He doesn't name Trustee and Counsel as defendants in the action, but specifically labels them "interested parties." Plaintiff incorrectly suggests that Trustee and Counsel knew of the fraudulent transfer and did nothing, which is clearly refuted by the initiation of the adversary proceeding against David Blake, resulting in motion to compromise and order granting the compromise, and recovery of $6,000.00 for the bankruptcy estate. In his prayer for relief, he seeks affidavits from Trustee and Counsel acknowledging his misstated version of the facts "for further disciplinary actions of their actions." (Adv. No. 11-6080, doc. 2.)

Trustee's recovery of $6,000.00 from David Blake settled the fraudulent transfer claim by providing additional consideration for the transfer. Trustee did not need to set aside the transfer because the estate compromised the claim for the value lost by Debtor in the transaction. The $6,000.00 was distributed to creditors of the estate, including Plaintiff. Plaintiff clearly does not understand what happened in Debtor's case.

While a pro se litigant may not be held to an identical standard as an attorney, "a [litigant] proceeding pro se is not relieved from presenting a colorable claim." U.S. v. McKinney, 375 Fed.Appx. 479, 481 (6th Cir. 2010) (unreported) (citing Marion v. U.S., 37 F.3d 1499, at *2 (6th Cir. 1994) (unpublished table decision)). To the extent Plaintiff seeks to pursue a disciplinary action against Trustee or Counsel, the court finds no colorable claim against them. Further, this is not the appropriate forum. If the complaint intended to assert a legal malpractice claim, Plaintiff did not plead the necessary elements for a legal malpractice claim, which are (1) a duty or obligation to Plaintiff, (2) a breach of the duty, and (3) resulting loss. Gray v. A.C. Strip, 57 Fed.Appx. 251, *1 (6th Cir. 2003) (citing Vahila v. Hall, 77 Ohio St.3d 421 (1997) (other citation omitted)). His failure to plead is fatal and the court will grant Trustee's motion. Both Trustee and Counsel will be dismissed from the action.

**II.    Dismissal of Complaint Against the Remaining Defendants**

Although none of the other defendants has sought dismissal, the court will dismiss the fraudulent transfer claims sua sponte on the grounds of res judicata and/or collateral estoppel. Holloway Constr. Co. v. U.S. Dep't of Labor, 891 F.2d 1211 (6th Cir. 1989) (citing U.S. v. Sioux Nation of Indians, 448 U.S. 371, 432 (1980)). Although a court's authority to dismiss a complaint sua sponte is limited, this situation fits squarely within the exception to the rule because "the court is on notice it has previously decided the issue presented." Sioux Indian Nations, 448 U.S. at 432 (citations omitted).

Res judicata and collateral estoppel are doctrines of preclusion which operate to bar relitigation of claims (res judicata) and issues (collateral estoppel) that were

previously determined by a court. Preclusive doctrines advance several principles, including the finality of judgments, deterrence of multiple suits involving the same claims, and the promotion of judicial economy. Westwood Chem. Co., Inc. v. Kulick, 656 F.2d 1224 (6th Cir. 1981) (citations omitted). Under res judicata, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.' Bragg v. Flint Bd. of Educ., 570 F.3d 775, 776 (6th Cir. 2009) (citing Montana v. U.S., 440 U.S. 147, 153 (1979) (citations omitted)).

To prevent relitigation of a claim under the principle of res judicata, four elements must be demonstrated:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies."; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

Bragg, 570 F.3d at 776 (quoting Bittinger v. Tecumseh Products Co., 123 F.3d 877, 880 (6th Cir.1997)). Unquestionably, these elements are established in the record before the court.

As outlined about, Trustee filed an adversary which was resolved by a court order approving her compromise of the fraudulent transfer claim. This court entered the order granting the compromise, resolving the complaint. This court is a court of competent jurisdiction.

Plaintiff's common pleas action is an action between the same parties or their privies. First, the same transferors, Jerry Blake and Kim Blake, are named as defendants. David Blake, the transferee, is also named as a defendant. The difference between the cases is the identity of the party pursuing the transfer. In the adversary proceeding, Trustee pursued the claim as an asset of the bankruptcy estate pursuant to her position as the representative of the bankruptcy estate and in accordance with her duties. 11 U.S.C. §§ 343, 704. She reduced the fraudulent transfer claim to a monetary amount and then distributed the amount recovered among Debtor's creditors who filed claims against the estate. This relationship establishes the nexus between Plaintiff and Trustee as his privy. *See also* Martin v. Pahiakos (In re Martin), 490 F.3d 1272 (11th Cir. 2007).

The fraudulent transfer claim Plaintiff presents in the 2011 case is identical to the claims presented in both his 2004 state court case and the 2005 adversary filed by Trustee. He alleges Debtor did not receive fair consideration for the transfer made on or about April 9, 2003 to David Blake. The claim is one and the same, meeting both elements three and four of the res judicata analysis. The claim was resolved via compromise in the adversary proceeding. Res judicata prevents relitigation of the claim and the court will dismiss the claim as to all defendants.[4] This will result in dismissal of

---

[4] The court recognizes that it may not have jurisdiction over all of the defendants. Upon review of the state court docket provided by Trustee, it appears that Plaintiff never obtained service on David Blake. (Doc. 15.) Additionally, although Jerry Blake signed for Kimberly Blake, his amended Rule 9027(e)(3) statement indicates she does not live with him at the address where the summons and complaint were served and that they

5

the complaint.

### III. Other

Plaintiff's complaint contains a demand for payment. (Adv. 11-6080, doc. 2-1.) Debtor obtained a discharge in bankruptcy which discharged his personal liability on debts included in the bankruptcy. (Case No. 05-60612, doc. 20.) Attempts to collect monies from Debtor personally may violate the discharge injunction. 11 U.S.C. § 524(a). This does not bar prosecution of any *in rem* rights of a creditor.

Plaintiff's prayer for relief also contains a demand for a sheriff's sale of 3786 State Route 516 NW, Dover, Ohio. The court specifically finds that the complaint does not plead a cause of action for foreclosure, but focuses on the fraudulent transfer claim. The mention of foreclosure in the prayer for relief merely stems from the relief to be taken if Plaintiff was successful on the fraudulent transfer claim. Thus, the court will not issue any findings or conclusions related to foreclosure. To the extent Plaintiff has foreclosure rights, this decision is without prejudice to pursuing those rights.

This does not, however, preclude further comment. The property Plaintiff desires to foreclose upon is the property conveyed in the April 2003 deed. After that transfer, Plaintiff obtained a judgment lien against Jerry Blake dba JB Construction. According to the 2011 state court complaint, the judgment lien was issued on November 18, 2003[5] and renewed on January 11, 2007.

Plaintiff's problem is that the property is not owned by Jerry Blake. Junior Blake holds the life estate in the property, while David Blake has the remainder interest. Consequently, Plaintiff cannot foreclose on the property unless he can manage to get the property back in to Jerry Blake's name. Since the fraudulent transfer claim was settled in Trustee's adversary proceeding, and the estate compensated for the inadequate consideration paid at the time of transfer, the transfer was not be set aside, or "reversed," using Plaintiff's terminology. Consequently, pursuit of the fraudulent transfer is paramount to Plaintiff's success in foreclosing on the judgment lien. Since that avenue is closed, Plaintiff has no known foreclosure rights to pursue.

An order will be issued immediately.

# # #

---

have been divorced for six years. (Doc. 18.)

[5] Plaintiff also used the date of November 19, 2003.

6

**Service List:**

Claude Virgil Mounts
10061 Dolphin St SW
Beach City, OH 44608

Anne Piero Silagy
220 Market Ave South
Suite 900
Canton, Oh 44702

Bruce R Schrader, II
Roetzel & Andress
222 S Main St
Suite 400
Akron, OH 44308

Jerry Lee Blake
3786 St. Rte. 516 NW
Dover, OH 44622

Kim Blake
3786 St. Rte. 516 NW
Dover, OH 44622

David Blake
8647 Hickory Lane Ave.
Canal Fulton, OH 44614